Case 3:16-mc-00016   Document 4   Filed in TXSD on 01/05/17   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LOUIS CHARLES HAMILTON II, § | |
| § | |
| Plaintiff, § | |
| VS. § | MISCELLANEOUS ACTION |
| § | NO. 3:16-MC-16 |
| § | |
| DONALD JOHN TRUMP SR., § | |
| § | |
| Defendant. | |

## MEMORANDUM AND ORDER

Pending before the Court are pro se Plaintiff Louis Charles Hamilton, II's Application to Proceed In Forma Pauperis (Dkt. 1), Emergency Motion for Cease and Desist Order (Dkt. 2), and Motion to Compel President-Elect to Release Tax Information Prior to January 20, 2017 (Dkt. 3).

Hamilton is the Plaintiff in at least thirteen suits brought in the Southern District, several of which have been dismissed as frivolous. *See Order of Dismissal, Dkt. 45, Hamilton v. Magnus-Lawson, 4:10-cv-220; Memorandum and Opinion, Dkt. 4, Hamilton v. Johnson, 4:12-cv-1122*. Hamilton brought this suit on behalf of, *inter alia*, approximately fifty black celebrities (living and dead), 42.7 million Negro slaves, the British Empire, and thirty-seven allied countries. This suit was brought against the President-Elect and his family, Trump Tower, several defense agencies, the Republican Party, and the Knights of the Ku Klux Klan. Hamilton seeks to prevent President-Elect Trump and various U.S. embassies from continuing their "ongoing campaign of cyber-enabled operations" aimed at "attacking critical infrastructure networks [and] military

intelligence services to compromise and exploit networks . . . associated with the U.S. elections . . . ." Hamilton also seeks the release of the President-Elect's tax information prior to the inauguration.

Courts should liberally construe pro se actions, which, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Santos v. Holder*, Civil Action No. H-11-0546, 2011 WL 901842, at *2 (S.D. Tex. Mar. 13, 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)). However, courts must dismiss a pro se action upon determination that "the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

After thoroughly reviewing—and liberally construing—the Plaintiff's pleadings, the Court can find no valid legal interest as alleged by the Plaintiff. The claims therefore lack an arguable basis in law. Accordingly, this case is subject to dismissal as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Emergency Motion for Cease and Desist Order (Dkt. 2) is **DENIED**.

3. Plaintiff's Motion to Compel (Dkt. 3) is **DENIED**.

4. This case is hereby **DISMISSED with prejudice** as frivolous. This is a **Final Judgment**.

5. The Clerk shall provide a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 5th day of January, 2017.

George C. Hanks Jr.
United States District Judge